## CONNECTICUT EMPLOYEES UNION INDEPENDENT, INC.
## *v.* BOARD OF LABOR RELATIONS ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 452168
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 5, 1993

*Eisenberg, Anderson, Michalik & Lynch,* for the plaintiff.

*E. Stephen Briggs,* for the named defendant.

1

*Richard T. Sponzo,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the defendant Western Connecticut State University.

MALONEY, J. The plaintiff, the Connecticut Employees Union Independent, Inc. (union), appeals the decision of the defendant state board of labor relations (labor board) dismissing the complaint the union brought on behalf of its member employee, John Marcin. The labor board acted pursuant to General Statutes § 5-274. The appeal is authorized by General Statutes § 4-183. The court finds the issues in favor of the defendants.

The facts are essentially not in dispute. The union and the defendant state of Connecticut, Western Connecticut State University (university), entered into a collective bargaining agreement covering the period July 1, 1985 to June 30, 1988, under the state employees relations act. Pursuant to that agreement, in April, 1988, Marcin filed a grievance claiming that he was not being properly compensated for overtime hours he had worked.

Since 1982, Marcin had held the position of chief stationary engineer at grade 21, progressing from step 1 to step 7, as of January, 1988, in the contract salary schedule. Article 18, § (d), of the collective bargaining contract provides that General Statutes § 5-245 (b) (1) is deemed to exempt from overtime all employees at grade 20, step 7, and above. Nevertheless, Marcin had received some overtime pay through December, 1988.

In September, 1988, the union and the university representatives met and entered into a settlement agreement that resolved Marcin's grievance. The settlement agreement provided that the university would pay Marcin for all overtime hours worked, retroactively begin-

ning in January, 1983, and for all overtime hours to be worked in the future. The union thereupon withdrew the grievance.

Later in September, 1988, when the union attempted to have the settlement implemented, the defendant state personnel administration and the university refused. The defendants claimed that the settlement agreement violated the collective bargaining agreement and General Statutes §§ 5-245 and 5-278 (b). The union thereupon complained to the labor board. In due course, the labor board rendered its decision dismissing the union's complaint. The basis of the labor board's decision was that the settlement agreement attempted to supersede the provisions of § 5-245 without legislative approval, contrary to the provisions of § 5-278 (b). It is that decision that is the subject of this appeal.

The essence of the union's argument is that the failure of the university to comply with a grievance settlement agreement constitutes a refusal to bargain in good faith. As a necessary corollary to that argument, the union claims that the labor board erred in concluding that the settlement agreement violated the statutes so as to render it invalid.

The labor board's decision that is the subject of this appeal is based on its analysis of two statutes, §§ 5-245 and 5-278 (b). Section 5-245 provides that employees are not eligible for overtime pay if they are employed in "an executive, administrative or professional capacity, as such terms may be defined and delimited from time to time by the commissioner of administrative services . . . ." In the context of the present case, the labor board interprets this provision to mean that employees who are covered by the collective bargaining agreement and who are in grade 20, step 7, and above, are not eligible. This interpretation is fully sup-

ported by the provisions of the collective bargaining agreement, especially the previously cited Article 18, § (d), and is not seriously disputed by the union.

Section 5-278 (b) concerns collective bargaining agreements such as the one between the parties in the present case and provides that such agreements must be approved by the General Assembly. The statute provides, further, that provisions of a collective bargaining agreement that have been approved need not be resubmitted to the legislature as part of a future contract approval process. The statute then provides: "Any supplemental understanding reached between [the] parties containing provisions which would supersede any provision of the general statutes . . . shall be submitted to the general assembly for approval in the same manner as agreements and awards."

The crux of the labor board's decision in the present case is its finding that the grievance settlement agreement between the union and the university constituted a "supplemental understanding" as that term is used in § 5-278 (b). The union, in opposition, argues that the term "supplemental understanding" means a formal renegotiation of the collective bargaining agreement, not an agreement between the union and the employer to resolve a grievance concerning a single employee.

"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of [the] court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." *Starr* v. *Commissioner of Environmental Protection,* 226 Conn. 358, 372, 627 A.2d 1296 (1993). Concerning the enforcement of § 5-278, § 5-273 provides that the labor board "shall administer sections 5-270 to 5-280, inclusive . . . ." This court is required, therefore, to accord great deference to the interpretation

of § 5-278 given by the labor board as the agency responsible for its enforcement. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are two equally plausible interpretations of a statute the court must give due deference to that followed by the administrative agency concerned. Id., 376.

In the present case, the court finds the interpretation of § 5-278 followed by the labor board to be plausible and completely reasonable. The grievance settlement agreement indisputably conflicted with the overtime pay limitations in § 5-245 (b). Furthermore, the settlement agreement was at variance with the terms of the collective bargaining agreement, which the General Assembly had previously approved. Under these circumstances, the labor board's conclusion that the settlement agreement was a "supplemental understanding" requiring new legislative approval was entirely reasonable. Accordingly, the settlement agreement is unenforceable in the absence of such legislative approval, and the decision of the labor board to that effect must be affirmed.

The appeal is dismissed.